IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KALANI,

        Plaintiff,

   vs.

STANLEY J. LUKOWICZ, PARTNER OF MOTHER LODE REAL INVESTORS, A GENERAL PARTNERSHIP; BALHAR S. DOSANJH dba IONE TRADING POST aka SIERRA TRADING POST aka DAY & NITE MINI-MARTS, INC.,

        Defendants.

No.  2:12-CV-01316-KJM-DAD

ORDER

/

This matter comes before the court on plaintiff's motion seeking leave to amend the original complaint. (ECF 20.) This motion was decided without a hearing. For the following reasons, plaintiff's motion to amend is GRANTED.

I.    FACTS AND PROCEDURAL HISTORY

Plaintiff filed the original complaint on May 15, 2012, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. and related California law, for the failure of defendants to remove barriers to access at the gas station (the "Facility") that they owned and operated. (ECF 2.) Defendant Stanley J. Lukowicz filed an answer on June 1, 2012 (ECF 6), and defendant Balhar S. Dosanjh filed an answer on July 27, 2012 (ECF 10). The court

issued a scheduling order setting the last day to amend pleadings as November 16, 2012.  (ECF 14 at 1.)  On November 16, 2012, plaintiff filed a motion to amend the complaint and included a copy of the proposed First Amended Complaint ("FAC").  (ECF 20-3.)

II.     STANDARD

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'"  *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

III.    ANALYSIS

Plaintiff's proposed FAC contains only one substantive change, at paragraph 11.  (ECF 20-3 ¶ 11.)  The original complaint at paragraph 11 contained a list of alleged barriers and defects at the Facility that plaintiff contends prevented his access.  (Original Compl. ¶ 11, ECF 2.)  The proposed FAC expands on this list with details about the parking lot, the entrance door, the restroom, the fold-down counter at the register, and other aspects of the Facility.  (ECF 20-3 ¶ 11.)

/////

1  Plaintiff states he was able to amend the complaint after a consultant inspected
2 the site on October 9, 2012, and delivered a report to plaintiff on November 5, 2012.  (ECF 20 at
3 2.) Plaintiff states he provided to defendants a copy of the proposed FAC on November 12, 2012,
4 and subsequently received a stipulation from defendant Dosanjh granting permission to file the
5 FAC. (ECF 20-2 ¶ 4-5.)  Plaintiff avers defendant Lukowicz did not respond, and the court notes
6 defendant Lukowicz did not file an opposition.  (*Id.* ¶ 6.)

7  The inclusion of more detail regarding alleged barriers to access, following site
8 inspection, does not change the nature of the lawsuit and is not an "exercise in futility."  The
9 proposed FAC does not evince bad faith on the part of plaintiff.  The proposed FAC also does
10 not appear to prejudice defendants: one defendant has stipulated to the filing of the FAC and the
11 other has not responded to plaintiff's motion.  Prejudice to a defendant from the addition of new
12 claims to a complaint generally is found only when the plaintiff has substantially delayed
13 requesting leave to amend.  *E.g., United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d
14 1544, 1552–53 (9th Cir. 1994); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079
15 (9th Cir. 1990).  Plaintiffs brought this motion within the time provided in the scheduling order
16 and following site inspection.

17  Accordingly, plaintiff's motion is GRANTED.
18  IT IS SO ORDERED.
19 DATED: February 21, 2013.

  UNITED STATES DISTRICT JUDGE